UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCCO A. VALENTINE,

    Plaintiff,

v.                                                                              Case No. 1:09-cv-725
                                                                              Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                            /

**REPORT AND RECOMMENDATION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

       Plaintiff was born on December 19, 1968 and has an associates degree in tool engineering technology (AR 24, 26, 56).[1] He alleged a disability onset date of December 2, 1998 (AR 54). Plaintiff had previous employment in the navy, as a delivery driver, construction laborer and machine design (CAD operator) (AR 24-27, 44-45). Plaintiff identified his disabling conditions as anxiety attacks, agoraphobia, headaches, neck strain, left shoulder pain, lower back pain, a kidney stone, myofascial pain, past alcohol use, degenerative disc disease, depression, arthritis, and problems sleeping (AR 27-31, 115). On November 21, 2008, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 52-58). This

---

      [1] Citations to the administrative record will be referenced as (AR "page #").

decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

2

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

3

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity during the relevant time period, i.e., between the alleged onset date of December 2, 1998 and his last insured date of March 31, 2001 (AR 54). At step two, the ALJ found that plaintiff suffered from severe impairments of: chronic back pain; degenerative disc disease; chronic neck and shoulder pain; and asthmatic bronchitis (AR 54). At step three, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 55).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform sedentary work:

> except he is limited to unskilled, entry level work with a sit/stand option at will every 30 minutes. He needs to be in a clear air environment and should not be required to deal with the general public.

(AR 55). The ALJ also found that through the date last insured, plaintiff was unable to perform any of his past relevant work (AR 56).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of jobs in the national economy (AR 57). Specifically, plaintiff could perform 40,100 jobs in Michigan involving sedentary, unskilled work: inspector (12,050 jobs); bench assembler (27,000 jobs); and sorter/packager (1,050 jobs) (AR 57). Accordingly, the ALJ determined that plaintiff was not disabled under the Social Security Act at any time from the alleged onset date of December 2, 1998 through the date last insured of March 31, 2001 (AR 57-58).

## III. ANALYSIS

Plaintiff raised four issues on appeal:

**A. The evidence on the record demonstrates that plaintiff suffers from a number of chronic and severe multi-system medical conditions which are known as Gulf War Illness and which had their onset prior to March 31, 2001, his last insured dated.**

Plaintiff sets forth a number of medical conditions that have arisen between his naval service in the Gulf War and his last insured date of March 31, 2001, including: asthmatic bronchitis; hypertension; low thyroid function; chronic sinusitis; bladder stones; hematuria; low abdominal pain; acute prostatitis; gastro-esophageal reflux disorder; disturbed sleep; night sweats; restless leg syndrome; excision of a lipoma in the left shoulder and left hand; severe chronic headaches; degenerative disc disease; myofascial pain syndrome; degenerative arthritis of the spine; diffuse joint pain; left rotator cuff tendinitis; and chronic neck pain. Plaintiff's Brief at 14-15.

Plaintiff contends that these are signs and symptoms which could serve as the basis of an award for Veterans Administration (VA) benefits for Gulf War Illness (Gulf War Syndrome). Plaintiff's Brief at p. 8. *See Gutierrez v. Principi*, 19 Vet.App. 1, 6 (2004) ("Section 1117 of title 38 of the U.S.Code provides for entitlement to compensation on a presumptive basis to a Persian Gulf War veteran who complains of having an undiagnosed illness or illnesses that are 10% or more disabling during the presumption period established by the Secretary"). Plaintiff states that he has filed for VA compensation and that the matter is pending on appeal. Plaintiff's Brief at p. 8.

Plaintiff's argument does not address any particular error on the part of the ALJ. Rather, plaintiff apparently contends that these conditions are the result of an undiagnosed illness which should qualify him for VA benefits. The ALJ found that he suffered from similar severe

impairments of chronic back pain, degenerative disc disease, chronic neck and shoulder pain, and asthmatic bronchitis (AR 54). At the administrative hearing, plaintiff testified that he stopped working due to his back problems (AR 41). While the ALJ did not make an explicit finding that plaintiff suffered from a severe impairment of "Gulf War Syndrome," he considered plaintiff's impairments and found that plaintiff was restricted to a limited range of sedentary work and could not perform his past relevant work (AR 55-56). Assuming that plaintiff has an undiagnosed illness that might qualify him for VA benefits for Gulf War Syndrome, there is no evidence that he was found disabled by the VA. Furthermore, even if plaintiff had been found eligible for VA benefits, the ALJ would not bound to accept the VA's disability ratings:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based upon its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504. Accordingly, the ALJ's decision should be affirmed on this issue.

> **B.     The ALJ failed to provide adequate reasons and bases for his failure to consider extensive medical documentation of plaintiff's disabilities which were dated after March 31, 2001, but which confirmed the continuation and worsening of his condition.**

The ALJ properly determined that it was not necessary to evaluate treatment notes for the period after plaintiff's last insured date of March 31, 2001 (AR 55). Since plaintiff's insured status for purposes of receiving DIB expired on March 31, 2001, plaintiff cannot be found disabled unless he can establish that a disability existed on or before that date. *See Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984). Evidence relating to a later time period is only minimally probative. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). Such evidence

is only considered to the extent it illuminates a claimant's health before the expiration of his insured status. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Other than stating the premise that the ALJ failed to consider "extensive medical documentation" of his condition after March 31, 2001, plaintiff's brief does not address this issue in any detail to show subsequent medical documentation would have shed new light on his condition prior to the end of March 2001. The ALJ properly declined to review evidence of plaintiff's treatment after his last insured date. Accordingly, the ALJ's decision should be affirmed on this issue.

> **C. The ALJ is required to discuss in detail each of the documented disabilities of the plaintiff and their impact on his ability to perform substantial gainful activity under SSR 96-8p.**
>
> **D. The conclusion of the ALJ that the testimony of plaintiff as to the severity of his pain, disabilities and functional limitations were not credible is not supported by the record.**

Finally, plaintiff contests the ALJ's hypothetical question posed to the vocational expert (VE) and the ALJ's credibility determination. An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir.

7

1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

Plaintiff contends that the ALJ's hypothetical question posed to the VE, which was based upon the ALJ's RFC determination (AR 45, 55), was improper because the ALJ failed to address plaintiff's "pain, psychological and physical limitations to the requisite degree of specificity." Plaintiff's Brief at p. 19. In this regard, plaintiff states that he gave un-controverted testimony that he requires assistance in the completion of the basic tasks of daily living, including housework. As an alternative to the limitations included in the ALJ's hypothetical question based upon the RFC determination, plaintiff contends that the ALJ should have adopted the VE's response to a supplemental hypothetical question which assumed that plaintiff's testimony was credible and supported by medical evidence (AR 45-46). Based on these assumptions as set forth in the supplemental hypothetical question, the VE testified that plaintiff would not be able to perform the 40,100 sedentary jobs on a full time basis due to his physical limitations, attendance problems, and psychological problems (memory, concentration, avoidance of work situations and the inability to deal appropriately with others) (AR 46).

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (an ALJ's credibility determinations are accorded deference and not lightly discarded). The relevant time period in this claim was from December 2, 1998 to March 31, 2001. The ALJ's review

of the medical records generated before the last insured date indicate that plaintiff had shortness of breath, asthmatic bronchitis and an unremarkable echocardiogram in 1996 (AR 54). Plaintiff's submitted other medical records that were generated after March 31, 2001. The ALJ apparently found two subsequent medical records relevant: an MRI on June 10, 2001 which indicated L3-L4 and L4-L5 disc disease without significant exiting nerve root compression, and a record of treatment for plaintiff's neck and back pain in September 2001 (AR 55). The ALJ found that while plaintiff had some limitations due to his impairments, his symptoms and limitations were not credible to extent alleged, nor supported by the objective evidence of record prior to March 31, 2001 (AR 56).

Based on the sparse medical evidence of plaintiff's condition as of the last insured date, the ALJ could properly discount plaintiff's credibility with respect to his claims of disabling physical and psychological impairments. *See Walters*, 127 F.3d at 531. There is no compelling reason to disturb the ALJ's credibility determination in this case. *See Smith*, 307 F.3d at 379. Furthermore, the ALJ's RFC determination and the vocational evidence elicited from the VE are supported by substantial evidence. Accordingly, the ALJ's decision should be affirmed on this issue.

## IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.


Dated: August 6, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

9

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).