UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROCCO A. VALENTINE,

       Plaintiff,

CASE NO. 1:09-CV-725

v.

HON. ROBERT J. JONKER

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

       Defendant.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 13) and Plaintiff Valentine's Objections to it (docket # 14). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that the Commissioner of Social Security's decision to deny Plaintiff's claim for disability insurance benefits be affirmed. After a de novo review of the record, the Court accepts the Magistrate Judge's Report and Recommendation and orders that the Commissioner's decision be affirmed.

Plaintiff seems to make a number of objections, although none are clearly presented. The principal theme of the objections is the frustration of Plaintiff's counsel over the United States government's treatment of Gulf War veterans. Needless to say, this is not the case or the forum for addressing such issues. Suffice to say that this Court joins the overwhelming majority of Americans who thank our Armed Forces veterans for their faithful service.

The question here, though, is quite different and very limited: namely, whether Plaintiff has articulated a proper legal objection to the Magistrate Judge's Report and Recommendation. The closest thing to a true objection is Plaintiff's challenge to the credibility assessment of the ALJ. Plaintiff objects to the ALJ's credibility determinations as offensive, but does not provide any legal basis for overturning those determinations. The ALJ's credibility determinations are entitled to great deference and should not be set aside absent a compelling reason to do so. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The Magistrate Judge addressed this same argument and found that there was no compelling reason to set aside the ALJ's determinations. In his objection, Plaintiff does not offer any justification for overruling the Magistrate Judge's finding. The Court agrees with the Magistrate Judge and finds that no compelling reason exists to set aside the ALJ's credibility determinations. The ALJ's finding and conclusion is supported by substantial evidence, and from a legal point of view, that is fatal to Plaintiff's claims.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 6, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:   September 17, 2010        /s/ Robert J. Jonker
                                                          ROBERT J. JONKER
                                                          UNITED STATES DISTRICT JUDGE